IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAVERNE SIMMONS | § | |
| | § | |
| V. | § | CIVIL NO. A-09-CA-785-LY |
| | § | |
| TEXAS WATER DEVELOPMENT | § | |
| BOARD | § | |

## ORDER

Before the Court is the Plaintiff's Motion to Quash and Objections to Defendant's Notice of Subpoena, and Subpoena to Testify or Produce Documents in a Civil Action (Clerk's Doc. No. 27), as well as Defendant Texas Water Development Board's Response to Plaintiff's Motion to Quash (Clerk's Doc. No. 31). Judge Yeakel referred the motion to the undersigned for disposition. *See* Clerk's Doc. No. 30.

Plaintiff Laverne Simmons has brought suit against the Texas Water Development Board alleging race and gender discrimination, and retaliation for having pursued a prior employment discrimination suit against the TWDB. Simmons also alleges that she was constructively discharged from her position with the TWDB. The instant motion seeks to quash a deposition and document subpoena directed to Dr. Marcia Fagerberg. The deposition is scheduled for Friday, September 17, 2010, at 8:30 a.m. Simmons contends that the deposition should be quashed because the subpoena is overbroad, because the deposition should have been taken earlier, and because the medical information sought is confidential. All of these objections are groundless.

In her Rule 26 initial disclosures, Simmons herself identified Dr. Fagerberg as a person likely to possess "factual and expert information relating to Plaintiff's mental anguish damages and the impact that Defendant's acts and omissions had upon Plaintiff's life and health." *See* Exh. A to

TWDB's Response at 7.  Simmons' complaint explicitly pleads that she has suffered "severe emotional and mental anguish."  Second Amended Complaint at ¶ 10 (Clerk's Doc. No. 11).  There can be no doubt that Dr. Fagerberg's testimony and documents are relevant to the case, and the discovery sought by TWDB is not overbroad.

With regard to the timing of the deposition, the TWDB's response states that counsel for TWDB has communicated with Dr. Fagerberg and she has agreed to appear at the time and place set for the deposition.  The scheduling order in this case sets a September 30, 2010, deadline for discovery, so the deposition is within the time permitted for discovery.  The fact that Simmons believes the deposition should, or could, have been taken earlier in the discovery period is of no moment.  Nothing in the rules of procedure requires that a party conduct discovery in any particular order.  This is made plain in Rule 26:

**(2) Sequence**

Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

FED. R. CIV. P. 26(d)(2).  *See also Gabarick v. Laurin Maritime (America), Inc.*, 2008 WL 3560426 (E.D. La. 2008).  This objection has no merit.

Finally, to the extent that Simmons is concerned that the medical information sought in the deposition is confidential, there is a protective order already in place in this case, and Simmons may make use of the provisions of that order to ensure that the records or deposition testimony she feels

is sensitive is maintained in an appropriately confidential manner. *See* Joint Protective Order (Clerk's Doc. No. 13) at ¶¶ 4-5.

For these reasons, the Court overrules Simmons' objections to the subpoena, and DENIES Plaintiff's Motion to Quash (Clerk's Doc. No. 27). The deposition of Dr. Fagerberg shall proceed as scheduled.

SIGNED this 16th day of September, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE