IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAVERNE SIMMONS | § |
| | § |
| V. | §  CIVIL NO. A-09-CA-785-LY |
| | § |
| TEXAS WATER DEV. BOARD | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT COURT

Before the Court are: Defendant Texas Water Development Board's ("Board") Motion For Judgment On The Pleadings (Clerk's Document No. 17), Plaintiff Laverne Simmons's Response (Clerk's Document No. 22), the Board's Reply and Motion To Strike Evidence in Plaintiff's Response (Clerk's Document No. 23), Plaintiff's Supplemental Response to Defendant's Motion for Judgment on the Pleadings/Motion for Summary Judgment (Clerk's Doc. No. 25), and the Board's supplemental letter brief (Clerk's Doc. No. 42).[1] The District Court referred these motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.  LEGAL BACKGROUND**

Simmons filed this suit in State court on September 17, 2009, alleging that the State of Texas and the Texas Water Development Board ("Board") discriminated against her on the basis of her race and gender, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, the

---

[1] The district judge converted Defendant's Motion for Judgment on the Pleadings into a Motion for Summary Judgment, and the parties were given an opportunity to file supplemental materials after receiving notice of the conversion. *See* Clerk's Doc. No. 24.

Lilly Ledbetter Fair Pay Act of 2009, and the Texas Labor Code.[2] Defendants removed the action to this Court on October 26, 2009. This is Simmons' second civil lawsuit in this Court alleging discrimination and retaliation claims against the Board. The first suit went to trial in 2006, after the district judge dismissed several of the claims. The jury's verdict found no liability on the remaining claims, and a final judgment in favor of the Board was entered by Judge Yeakel in October 2006. *See Simmons v. Texas Water Dev. Bd.*, No. 05-CA-432-LY (W.D. Tex. Oct. 17, 2006). This new suit complains of Board employees' actions following the conclusion of the first case.

## II.  LEGAL STANDARD

The Board moves for dismissal on limitations grounds, contending that Simmons commenced this action well after the limitations periods for both her state and federal claims had expired. Because there was evidence filed in support of the motion, the district judge converted the motion to a motion for summary judgment, informed the parties of the conversion, and allowed them the opportunity to file additional evidence.[3] Accordingly, the Court will analyze the motion under the standard applicable to summary judgment motions.

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.

---

[2]The State was dismissed from the case on February 10, 2010, as it is not a proper party to the claims. (Clerk's Doc. No. 9).

[3]The order converting the motion into a motion for summary judgment renders Defendant's Motion to Strike certain evidence moot, as that evidence is properly considered in the context of a summary judgment motion. Accordingly, the Motion to Strike contained within the Boards's reply (Clerk's Doc. No. 23) is DENIED AS MOOT.

2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.*

If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III.  ANALYSIS

There are two charges of discrimination at issue in this case. Plaintiff's first charge, EEOC #31C-2007-256 (identified hereinafter as Charge 256), was filed on November 27, 2006, and alleges both race discrimination and retaliation.  As noted, this charge was filed with both the EEOC and TWC.  Plaintiff received a right-to-sue letter from the TWC on February 28, 2007, stating that it was unable to conclude that any statutes had been violated.  On April 11, 2007, the EEOC then sent Plaintiff its own right-to-sue letter for Charge 256, adopting the TWC's findings.  Plaintiff received this letter on April 12, 2007.  Plaintiff's second charge, EEOC #451-2007-999 (identified herein as Charge 999), was filed with the EEOC May 15, 2007, and again alleged race discrimination and retaliation. The EEOC issued Simmons a right-to-sue letter for Charge 999 on January 18, 2008, and Plaintiff received it on January 24, 2008.  That letter stated that the EEOC was unable to conclude that the information included in the charge established a violation of the statutes.

Some time after the second right-to-sue letter was issued, the EEOC apparently mailed Simmons a survey regarding her earlier claim, to which Simmons apparently responded.  Based on the response, on June 19, 2009, the EEOC sent Simmons a letter stating that:

> We have received your completed response about the charge listed above.  On the response form you noted that you (sic):
>
> ☐    You did not file a lawsuit on the charge listed above
>
> AND

4

    ☐    You were impacted by the Supreme Court decision on the *Ledbetter* case and as a result, did not file a lawsuit based upon the charge listed above.

Because of your response, in light of enactment of the Lilly Ledbetter Act, we have determined that you are eligible to receive a new issuance of a Right to Sue for the subject charge. In issuing this Notice, EEOC is not making any further determination on this matter.

*See* Defendant's Exhibit 6 to Motion for Judgment on the Pleadings. Attached to this letter is another right-to-sue letter for Charge 256. There is no explanation in either document regarding the EEOC's legal basis for unilaterally issuing a second right-to-sue letter. Thereafter, Simmons filed this action in state court on September 17, 2009.

    **A.**    **Plaintiff's Title VII Cause of Action is Time-Barred**

The Board argues that Simmons' Title VII cause of action should be dismissed as untimely because she failed to file suit within 90 days of the initial right-to-sue letter. Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file his complaint "within ninety days after the giving of such notice [of right to sue by the EEOC]." The requirement to file suit within the ninety-day limitation period is "strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Courts have "repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* Although the ninety-day filing requirement is not jurisdictional, but rather is more akin to a statute of limitation, "in the absence of extenuating circumstances, it is a statutory precondition to the maintenance of any action under Title VII in federal court." *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 739-40 (S.D. Tex. 2003); *see also Taylor*, 296 F.3d at 379; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984).

In this case, Plaintiff received the first right-to-sue letter for Charge 256 on April 12, 2007, and the first (and only) right-to-sue letter for Charge 999 on January 24, 2008. She filed this suit on

5

September 17, 2009—more than ninety days after receipt of the 2007 and 2008 letters. Plaintiff acknowledges that she did not file suit within ninety days of receipt of these letters. However, she argues that she filed suit within ninety days of receipt of her second right-to-sue letter for Charge 256, and thus her suit is timely filed and should not be dismissed. The Board responds that the Lilly Ledbetter Fair Pay Act amended certain provisions of Title VII relating to discrimination in compensation by employers, but in no way modified the statutory requirement that Title VII claims must be brought within the ninety-day period.

At least two cases have addressed the impact of a second right-to-sue letter issued in these very circumstances, and both have concluded that the second right-to-sue letter did not start a new 90-day clock for the filing of suit. *See Glover v. Sitel Corp.*, No. 09-597, 2010 WL 1292146, at *1 (W.D.Wis. Mar.29, 2010) (holding EEOC's second right-to-sue letter pursuant to the Ledbetter Act did not "restart the clock" for filing a complaint, as the Act "relates to the time for filing *charges* with the Commission, not the time for filing a complaint after the commission has addressed the charges" (internal quotation marks, alterations, and citations omitted)); *Carl v. Western-Southern Life Ins. Co.*, No. 09-399, 2010 WL 3860432, at *5 (E.D. Pa. Sept. 30, 2010) (holding that a second right to sue letter sent pursuant to the Ledbetter Act does not revive a time-barred Title VII or ADA claim.) The Court agrees with these two courts' decisions.

In *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), the Supreme Court held that an unlawful employment practice occurs with respect to discrimination in compensation when the salary decision is made. In response to *Ledbetter*, Congress passed the "Lilly Ledbetter Fair Pay Act of 2009," Pub.L. No. 111-2, § 3, 123 Stat. 5. The Act amends Title VII with respect to the date of occurrence of discriminatory compensation claims, stating that:

6

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation . . . when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). By specifying the time when an unlawful employment practice with respect to compensation discrimination occurs, the Ledbetter Act only affected the time for filing a charge of discrimination with the EEOC. *See id.* § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ."). It did nothing to expand the ninety-day period in which a charging party must file suit after the EEOC has addressed such a charge. The Act applies retroactively to claims of discrimination in compensation allowing a plaintiff to seek relief for discriminatory pay decision occurring more than 180 days prior to filing a charge of discrimination. Additionally, it applies retroactively in allowing an affected Plaintiff to recover back pay for up to two years preceding the filing of the charge. Neither of these retroactivity provisions impact the ninety-day filing deadline, however.

Moreover, as a general matter, a second right-to-sue letter is ineffective to extend the ninety-day limitations period unless it is issued pursuant to a reconsideration on the merits prior to the initial expiration of the initial ninety day period. *See Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997). As stated in *Washington v. City of Gulfport, Mississippi*, 351 Fed. Appx. 916 (5th Cir. 2009), "[a]s other courts have held, the complainant is on notice from the date of receipt of the first dismissal letter that he has ninety days to file suit on the claims made to the EEOC, unless the second right to sue letter is issued pursuant to a reconsideration of the merits."

(citing *Sparks v. Lowe's Home Ctr., Inc.*, 341 F.Supp.2d 671, 674 (E.D. Tex. 2004)). In this case, the EEOC did not reconsider the merits of Plaintiff's original Charges.[4] Additionally, the EEOC's reconsideration of the merits of a charge only stops the ninety-day period if the second right-to-sue letter is issued during the ninety-day period. An EEOC reconsideration and second right-to-sue letter issued after the end of the ninety-day period has no impact on the requirement that Plaintiff must bring suit within ninety days of receipt of the first letter. 29 C.F.R. § 1601.19(b) ("... if the ninety day suit period has expired ... the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in ninety days.")

Plaintiff also argues that the theory of equitable tolling should be applied to her failure to file suit within the ninety-day time period. Plaintiff asserts that "the EEOC was unable to issue the right to sue under Lilly Ledbetter originally and it was through no fault of its own or of the Plaintiff." Plaintiff's Response at ¶ 26. As plaintiff, Simmons bears the burden of demonstrating the basis for tolling the limitations period. *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). The Fifth Circuit has identified three potential bases for equitable tolling of the ninety-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting her claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about her rights. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir.2003). Plaintiff fails to argue that any of these bases for equitable tolling apply to the instant suit. Equitable tolling is inapplicable here.

---

[4]Plaintiff did not receive a second right to sue letter for Charge 999. To the extent she argues that she can piggyback her claims contained in Charge 999 to those in Charge 256, for which she did receive a second right to sue letter, Plaintiff fails to offer caselaw in support of this proposition. *See Maddox v. CHCA East Houston, LP*, H-04-CV-4395, 2006 WL 2729293, at *4 (S.D. Tex. Sept. 25, 2006).

Accordingly, the undersigned concludes that Plaintiff's Title VII claims should be dismissed as time-barred, and that summary judgment should be granted in favor of the Board.

### C. Plaintiff's Texas Labor Code Claims Are Also Time-Barred

Simmons' suit includes a claim under the Texas Labor Code. The Board argues that these claims should also be dismissed because they were not filed within the required two-year limitations period and are time-barred. Section 21.256 of the Texas Labor Code requires suit to be filed within two years after filing a complaint with the TCHR. *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App. – Fort Worth 2002, pet. denied). The requirement that a TCHRA action be brought within two years of the filing of the underlying charge of discrimination is mandatory and jurisdictional. *Lottinger v. Shell Oil Co.*, 143 F.Supp.2d 743 (S.D. Tex. 2001) (citing numerous Texas court of appeals cases). In this case, Plaintiff signed Charge 256 on November 27, 2006, and it was filed with the TWC on December 5, 2006. Charge 999 is dated May 15, 2007. Plaintiff filed suit on September 17, 2009, months after the two-year statute of limitations had expired on either claim. Accordingly, these claims are also time-barred.

### IV. RECOMMENDATION

The Magistrate Judge RECOMMENDS that Defendant Texas Water Development Board's ("Board") Motion For Judgment On The Pleadings (converted to a motion for summary judgment) be GRANTED. The Magistrate Court FURTHER RECOMMENDS that all pending discovery motions and other motions be DISMISSED AS MOOT.[5]

---

[5] Plaintiff filed two motions to compel on October 5, 2010 (Clerk's Doc. Nos. 34 & 35), and the Board filed a motion to dismiss and for summary judgment (raising the time-bar and other arguments) on October 29, 2010 (Clerk's Doc. No. 44).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of November, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE